KARIN M. SWEIGART (SBN: 247462)
KSweigart@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorney for Plaintiff S.B.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

S.B., a minor, by and through her legal guardian, J.B., an individual,

Plaintiffs,

vs.

CALIFORNIA REPUBLIC LEADERSHIP ACADEMY, CAPISTRANO, a public charter school; NICK NORDSTROM, in his official and individual capacity; GARY DAVIS, in his official capacity as Executive Director of California Republic Leadership Academy, Capistrano; HELEN SUHR, in her official capacity as Principal of California Republic Leadership Academy, Capistrano; and DOES 1-10, in their individual and official capacities,

Defendants.

Case Number:

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

**Jury Trial Demanded**

Plaintiff S.B., a minor, through her legal guardian, J.B. ("S.B.'s Father"), an individual, brings claims against Defendants California Republic Leadership Academy, a public charter school; Gary Davis ("Davis"), the Executive Director of the California Republic Leadership Academy, in his official capacity; Helen Suhr ("Suhr"), the Principal of the California Republic Leadership Academy, Capistrano in her official capacity; Nick Nordstrom ("Nordstrom") the Dean of Students of the California Republic Leadership Academy, Capistrano in his individual capacity; and Does 1-10 in their individual and official capacities (together, "Defendants") pursuant to 42 U.S.C. § 1983 for actions taken to violate S.B's Fourth Amendment and state constitutional and statutory rights by video and/or audio recording her in the school restroom in violation of her reasonable expectation of privacy. Plaintiff alleges as follows:

## INTRODUCTION

1. This is a case about school officials overstepping their legal boundaries and intruding on the personal privacy rights of a teenage girl.

2. Defendants disregarded S.B.'s reasonable expectation of privacy by video and/or audio recording her while she was in the school restroom.

3. Defendants placed a surveillance camera with audio capabilities with access to the girls' restroom and have utilized and continue to utilize that camera to eavesdrop on schoolgirls inside the restroom.

4. Upon information and belief, the girls' restroom surveillance camera footage and audio are patched directly into Defendant Nordstrom's office. Defendant Nordstrom is a male.

5. On October 27, 2025, S.B. went to the girls' restroom during lunch. S.B. engaged in private communications with her friend inside the restroom and later learned her activities in the restroom had been recorded.

6. On October 28, 2025, S.B.'s Father, J.B., received an email from Defendant Nordstrom advising that he had viewed and heard S.B. and a friend laughing, coughing, and even breathing in bathroom surveillance footage.

7. Based on the information obtained from bathroom video, Defendant Nordstrom searched S.B.'s backpack and pockets. He did not locate anything impermissible on her person.

8. At all times relevant to this lawsuit, S.B. had a reasonable expectation of privacy in the girls' restroom. The installation and use of the surveillance camera and hidden microphones to monitor the girls' restroom constituted an unreasonable search because the use was continuous, suspicionless, and occurred in an area of heightened privacy.

9. Upon information and belief, the girls' restroom surveillance camera and hidden microphone are still in use at the school to this day.

## JURISDICTION AND VENUE

10. This action arises under 42 U.S.C. § 1983 in relation to Defendants' violation of S.B.'s Constitutional rights. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343. This Court has authority to award the requested declaratory relief under 28 U.S.C. § 2201; the requested injunctive relief and damages under 28 U.S.C. § 1343(a); and attorneys' fees and costs under 42 U.S.C. § 1988.

11. Venue is proper in this Court pursuant to 29 U.S.C. § 1391(b), because the events giving rise to the claims made herein occurred in this Judicial District, and Defendants have their principal places of business within this District.

12. This action is properly assigned to the Central Division of the Court, as Plaintiff lives within this division, the events giving rise to the cause of action occurred in this division, and Defendants have their principal places of business in Orange County, California.

13. This Court has original jurisdiction over the federal claims pled herein and enjoys supplemental jurisdiction over the state law claims.

## PARTIES

14. Plaintiff S.B., ("Plaintiff" or "S.B.") who brings this lawsuit through her legal guardian J.B, is a minor who resides in Orange County, California.



DLG DHILLON LAW GROUP INC.

15. Defendant California Republic Leadership Academy, Capistrano ("CRLA" or the "School"), is a public charter school located in Orange County, California where Plaintiff S.B. attended school at all times relevant to this Complaint.

16. Defendant Nick Nordstrom ("Nordstrom") is the Dean of Students at the California Republic Leadership Academy, Capistrano. On information and belief, Nordstrom resides and works in Orange County, California and is sued in his official and individual capacity.

17. Defendant Gary Davis ("Davis") is the Executive Director of the California Republic Leadership Academy. On information and belief, Davis resides and works in Orange County, California. Davis is sued in his official capacity.

18. Defendant Helen Suhr ("Suhr") is the Principal of the California Republic Leadership Academy, Capistrano. On information and belief, Suhr resides and works in Orange County, California. Suhr is sued in her official capacity.

19. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as DOES 1 to 10, inclusive, are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names. Plaintiff will amend this Complaint when the identities of these DOE defendants have been ascertained.

## FACTUAL BACKGROUND

20. Plaintiff S.B. began attending the School this year. Davis is the Executive Director of the California Republic Leadership Academy schools and has supervisory authority over all California Republic Leadership Academy employees. Suhr is the Principal of the California Republic Leadership Academy, Capistrano and has supervisory authority over all CRLA, Capistrano employees. Nordstrom is the Dean of Students at the California Republic Leadership Academy, Capistrano.

21. On October 28, 2025, S.B.'s father, J.B., received an email from Nordstrom advising that on the previous day during lunch, the lunchtime supervision personnel reported to Nordstrom that she did not know where S.B. and one of her friends were. On

information and belief, video footage of the girls' bathroom feeds directly into Nordstrom's office. Nordstrom advised J.B. that they reviewed the camera footage and observed S.B. and her friend walk into the restroom and could hear them "laughing, coughing/gagging, and heard them mention inhaling something." See Exhibit A. This incident constituted the first unauthorized search in violation of S.B.'s right to privacy.

22. The surveillance camera is located directly outside the girls' restroom. Upon information and belief, the camera can view inside the girls' restroom sink area and pick up audio throughout the bathroom. S.B. was not aware that her activities in the bathroom could be overheard.

23. At all times while S.B. was in the girls' restroom, she reasonably expected that her communications were private. Her expectation of privacy in the bathroom is one that society would recognize as reasonable.

24. Nordstrom's email further stated that the foregoing facts prompted him to conduct a physical search of S.B's backpack and pockets the following day, October 28, 2025, to "ensure that she [did] not have anything that could jeopardize her safety." The search revealed nothing of consequence.

25. Because the first search conducted from the surveillance footage was illegal, Nordstrom was not legally authorized to use any evidence obtained therefrom to justify conducting a second, physical search of S.B.'s belongings and her person.

26. Making matters worse, the second search was conducted an entire day later—after S.B. had left school for the day, gone home, changed her clothes and personal effects, and returned to school the following day. Even if Nordstrom's suspicion was reasonable and legally obtained the first day (it wasn't), that reasonable suspicion was dashed once S.B. left campus and returned to school the following day. There was no independent basis a day later to suspect that the search would turn up evidence that the S.B. had broken a school rule or violated the law. The search was not justified at its inception or reasonably related in scope to the circumstances that justified the

interference. Having her bathroom activities and conversations recorded causes Skylar embarrassment, anxiety, and concern for her privacy.

**COUNT I**

**Violation of the Fourth Amendment**

**(S.B. against Defendants Nordstrom, Davis, and Suhr in their official capacities and Defendant Nordstrom in his individual capacity)**

27. Plaintiff incorporates by reference the allegations in the prior paragraphs as if fully contained herein.

28. The Fourth Amendment, incorporated to States by way of the Fourteenth Amendment, protects public school students' right to be secure in their person and effects against unreasonable searches and seizures by state actors without reasonable suspicion.

29. The Fourth Amendment applies to searches conducted by school authorities.

30. Students do not shed their constitutional right to a reasonable expectation of privacy at the schoolhouse gate.

31. Students have a significantly higher expectation of privacy in school restrooms than in classrooms or hallways.

32. Continuous and suspicionless searches via hidden microphones recording students' bathroom conversations violates the Fourth Amendment.

33. These rights have been clearly established for decades and no reasonable official could believe that bathroom surveillance was lawful.

34. California Republic Leadership Academy is a public charter school.

35. S.B. had a reasonable expectation of privacy while she was in the school girls' restroom.

36. The camera with access in the girls' restroom was continuously recording video and audio of S.B. inside the restroom and was not initiated due to any reasonable suspicion of bad behavior.

37. Hidden cameras and microphones recording the goings-on in school restrooms is per se unreasonable.

38. S.B. had a clearly established reasonable expectation of privacy inside the school restroom.

39. Defendants violated S.B.'s Fourth Amendment rights when they caused S.B. to be video and audio recorded while she was in the girls' restroom.

40. Defendants violated S.B.'s Fourth Amendment rights when they used the video and audio footage to justify searching S.B.'s person and possessions the following day.

41. S.B.'s right to privacy was clearly established when the complained of conduct occurred.

42. S.B. suffered emotional damages as a result of Defendants' conduct.

43. S.B. is entitled to preliminary and permanent injunctive relief enjoining California Republic Leadership Academy and its agents and employees from video and/or audio recording students in restrooms or any other place in which students have a reasonable expectation of privacy.

44. Defendant Executive Director Davis, in his official capacity, has the power to implement Plaintiff's requested injunctive relief as he has supervisory authority over all California Republic Leadership Academy employees.

45. Defendant Principal Suhr, in her official capacity, has the power to implement Plaintiff's requested injunctive relief as she has supervisory authority over all CRLA, Capistrano employees.

46. S.B. found it necessary to engage the services of private counsel to vindicate her rights under the law. S.B. is therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988

**COUNT II**

**Violation of Civil Code § 52.1 (Bane Act) –**

**Interference with California Constitution, Article 1, § 1 Right to Privacy**

**(S.B. against all Defendants)**

47. Plaintiff incorporates by reference the allegations in the prior paragraphs as

if fully contained herein.

48. Article 1, § 1 of the California Constitution protects a person's right to privacy.

49. The California Constitution provides broader privacy protections than the fourth amendment.

50. S.B. had a legally protected privacy interest in not being video or audio recorded while inside the girls' restroom.

51. S.B. had a reasonable expectation of privacy in the girls' restroom.

52. Defendants' installation and monitoring via a surveillance camera that video and audio recorded S.B. while inside the girls' restroom constitutes a serious invasion of S.B.'s privacy.

53. Defendants interfered or attempted to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by S.B. of her right to privacy, secured by the Constitution or laws of the United States, and of the rights secured by the Constitution or laws of the state of California.

54. There is no competing interest that would justify this invasion of privacy.

55. The search, more than 24 hours after the video of S.B. in the bathroom that allegedly provided the basis for the search, was not reasonable under the circumstances.

56. S.B. suffered severe emotional damages as a result of Defendants' conduct.

57. S.B. is entitled to injunctive relief, other equitable relief to protect the peaceable exercise or enjoyment of her right to privacy, including appropriate equitable and declaratory relief to eliminate a pattern or practice of violative conduct.

58. S.B. is entitled to injunctive relief to preliminarily and permanently enjoin Defendants and their officers, agents, servants, employees, attorneys, and other persons who are in active concert with any of them from video and/or audio recording students in restrooms or any other place in which students have a reasonable expectation of privacy.

59. S.B. is entitled to compensatory damages for the violation of her state constitutional right to privacy and attorneys' fees under Civil Code § 52.1.

**COUNT III**

**Invasion of Privacy/Intrusion upon Seclusion**

**(S.B. against all Defendants)**

60. Plaintiff incorporates by reference the allegations in the prior paragraphs as if fully contained herein.

61. Defendants installed, activated, or maintained the hidden camera and/or microphone outside the girls' restroom with the ability to see and/or hear S.B. inside.

62. The intrusion upon S.B.'s privacy in the girl's restroom would be highly offensive to a reasonable person.

63. S.B. had a reasonable expectation of privacy in the girls' restroom.

64. S.B. suffered emotional damages as a result of Defendants' conduct.

**COUNT IV**

**Negligence**

**(S.B. against all Defendants)**

65. Plaintiff incorporates by reference the allegations in the prior paragraphs as if fully contained herein.

66. Defendant CRLA owed S.B. an affirmative, heightened duty of care while she was on campus, including the duty to protect her student privacy and prevent unauthorized surveillance.

67. Defendant CRLA breached its duty when it installed, activated, or maintained the hidden camera and/or microphone outside the girls' restroom with the ability to see and/or hear S.B. inside.

68. Defendant CRLA failed to properly supervise and train staff who caused the camera and microphone to be installed, activated, or maintained outside the girls' restroom.

69. Learning that S.B.'s private conversations in the girls' restroom were secretly recorded was a substantial factor in causing emotional harm, fear, and humiliation to S.B.

70. S.B. has suffered actual harm and emotional damages because of Defendant CRLA's negligence.

71. Defendant CRLA is liable for injuries proximately caused by its employees.

**COUNT V**

**Negligence Per Se – Invasion of Privacy**

**California Penal Code § 637.2**

**(S.B. against all Defendants)**

72. Plaintiff incorporates by reference the allegations in the prior paragraphs as if fully contained herein.

73. S.B. engaged in communication in which she reasonably expected to be confined to the parties engaging in the communication and not to be overheard or recorded by third parties, i.e., Defendants, in the girls' restroom.

74. Defendants, without consent of all parties to the communication, intentionally recorded the communication and/or used an electronic amplifying or recording device to eavesdrop upon or record communications by S.B.

75. Defendants violated Penal Code § 632 for eavesdropping on or recording confidential communications, constituting negligence per se under Civil Code § 637.2.

76. Pursuant to Civil Code § 637.2, S.B. is entitled to $5,000 per violation, three times the amount of actual damages sustained by S.B., and injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff S.B. respectfully requests that this Court enter judgment against Defendants as follows:

1. Preliminarily and permanently enjoin Defendants and their officers, agents, servants, employees, attorneys, and other persons who are in active concert with any of

them from video and/or audio recording students in restrooms or any other place in which students have a reasonable expectation of privacy;

2. Declare that recording S.B. in the restroom where she was engaged in private communications violated S.B.'s rights under the Fourth Amendment of the United States Constitution;

3. Award Plaintiff damages in an amount to be determined at trial;

4. Award Plaintiff punitive damages in an amount to be determined at trial;

5. Award Plaintiff nominal damages in an amount to be determined at trial;

6. Award Plaintiff costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and other relevant statutes;

7. Grant such other relief as this Court deems just and appropriate.

Respectfully submitted,

Date: November 25, 2025 **DHILLON LAW GROUP INC.**

By: ______________________________
KARIN M. SWEIGART
**Attorney for Plaintiff**

**REQUEST FOR JURY TRIAL**

The Plaintiff hereby demands a jury trial.

Date: November 25, 2025 **DHILLON LAW GROUP INC.**

By: ______________________________
KARIN M. SWEIGART
**Attorney for Plaintiff**



DHILLON LAW GROUP INC.

## VERIFICATION

I, S.B., hereby affirm under penalty of Perjury:

1. I am a minor (under eighteen years old).

2. My Father is J.B., through whom I bring this lawsuit.

3. I am the Plaintiff in this Lawsuit.

4. I have read the factual allegations in the foregoing Verified Complaint.

5. The factual allegations are, to the best of my knowledge and belief, true and correct.

6. For all matters stated on information and belief, I do not have personal knowledge, but believe them to be true based on other facts and circumstances.

Executed on 11/25/2025, in San Juan Capistrano, California.

S.B.

S.B., Plaintiff

## VERIFICATION

I, J.B., hereby affirm under penalty of Perjury:

1. I am over the age of 18 and competent to testify.

2. I am the parent of S.B., the minor Plaintiff identified in the foregoing Verified Complaint.

3. I have read the factual allegations in the foregoing Verified Complaint.

4. The factual allegations are, to the best of my knowledge and belief, true and correct.

5. For all matters stated on information and belief, I do not have personal knowledge, but believe them to be true based on other facts and circumstances.

Executed on 11/25/2025, in San Juan Capistrano, California.

______________________________

J.B., legal guardian for S.B.

# Exhibit “A”

Gmail [redacted]

[redacted]

**Nick Nordstrom** <nick.nordstrom@crlacapo.org> Tue, Oct 28, 2025 at 11:03 AM
To: [redacted]
Cc: Helen Suhr <helen.suhr@crlacapo.org>, Joanna Martindale <joanna.martindale@crlacapo.org>, Erin Bartaluzzi <erin.bartaluzzi@crlacapo.org>

Hi Mr. [redacted],
Yesterday during [redacted] lunch block, the lunchtime supervision personnel reported that they did not know where [redacted] and one of her friends were. We reviewed the camera footage and were able to see them walk into the restroom here in our main building. While in the restroom, we could hear the two girls laughing, coughing/gagging, and heard them mention inhaling something. This prompted us to conduct a search of [redacted] backpack and pockets this morning to ensure that she does not have anything that could jeopardize her safety.

Thankfully, the search resulted in us finding nothing of major consequence. [redacted] informed us that they were in the bathroom sniffing each other's perfume. We discussed with [redacted] why this is not a good idea and that it can affect her health due to the chemicals present in the aerosols. We also have been made aware that it is a current tik tok trend for young people to be sniffing aerosol cans in an effort to try and obtain a temporary high.

We just wanted to inform you of our investigation and our subsequent findings. Please let me know if you have any further questions.

Best,

--
**Mr. Nordstrom, Dean of Students**
California Republic Leadership Academy, Capistrano