Karin M. Sweigart (SBN: 247462)
Karin.Sweigart@sm-llp.com
Jesse D. Franklin-Murdock (SBN: 339034)
Jesse@sm-llp.com
**SWEIGART MURDOCK, LLP**
1160 Battery St., Ste. 100
San Francisco, CA 94111
Tel.: (415) 873-0123
Fax: (877) 890-0791

Attorneys for Plaintiff S.B.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

S.B., a minor, by and through her legal guardian, J.B., an individual,

Plaintiffs,

vs.

CALIFORNIA REPUBLIC LEADERSHIP ACADEMY, CAPISTRANO, a public charter school; NICK NORDSTROM, in his official and individual capacity; GARY DAVIS, in his official capacity as Executive Director of California Republic Leadership Academy, Capistrano; HELEN SUHR, in her official capacity as Principal of California Republic Leadership Academy, Capistrano; and DOES 1-10, in their individual and official capacities,

Defendants.

Case No.: 8:25-cv-02649-DOC-JDE

**PLAINTIFF'S STATUS REPORT REGARDING SETTLEMENT**

Judge: Hon. David O. Carter

Status Conference: August 24, 2026

Final Pretrial Conference: September 1, 2026

Trial Date: September 22, 2026

**PLAINTIFF'S STATUS REPORT REGARGING SETTLEMENT**

Pursuant to the Court's Entering Order dated August 19, 2026, Plaintiff provides the following report regarding the status of settlement discussions in this case, as the parties were unable to agree on a joint status report. In early July 2026, the parties explored an expedited, non-monetary resolution with the goal of resolving those issues before S.B. began the 2026–2027 school year at a new school. Defendants provided their first formal draft settlement agreement to Plaintiff's counsel on July 10, 2026. On July 13, Plaintiff's counsel returned a draft proposing additional edits. Defense counsel communicated they objected to those revisions but never responded with proposed language.

On July 15, 2026, Defense counsel raised—for the first time—that Defendants were not the exclusive custodians of the records that were the core of negotiations, revealing that Defendants' previous claims regarding the capacity to execute the record corrections—an action already mandated by statute as they were being challenged by Plaintiff's Guardian Ad Litem through a separate legal channel—were false when made.

That disclosure was significant. Defendants' discovery production had given no indication that any of the records at issue had been shared with any third-party. Additionally, Defense counsel did not request a call to discuss the edits Plaintiff had provided in mid-July until the afternoon of August 10, 2026.

Given the material disclosures Defense counsel raised for the first time in mid-

July, the prior framework was not a viable basis for resolution absent additional, performable consideration which was not already legally obligated by the defendants. The parties are not presently engaged in active settlement discussions, though Plaintiff remains willing to consider a resolution that provides genuine and verifiable relief. Plaintiff is opposed to a continuance of the trial date.

Respectfully submitted,
Date: August 21, 2026

**SWEIGART MURDOCK, LLP**

By: */s/ Karin M. Sweigart*
KARIN M. SWEIGART
JESSE D. FRANKLIN-MURDOCK
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this date, true and correct copies of this document were duly served on all counsel of record via CM/ECF.

Date: August 21, 2026

Respectfully submitted,
**SWEIGART MURDOCK, LLP**

By: */s/ Karin M. Sweigart*
KARIN M. SWEIGART
JESSE D. FRANKLIN-MURDOCK
*Attorneys for Plaintiff*