Leila Nourani (SBN 163336)
Leila. Nourani@jacksonlewis.com
JACKSON LEWIS P.C.
725 S. Figueroa Street, Suite 2500
Los Angeles, California 90017
Telephone: (213) 630-8218
Facsimile: (213) 689-0430

Philip M. Duclos (SBN 338728)
Philip. Duclos@jacksonlewis.com
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, California 92618
Telephone: (949) 885-1360
Facsimile: (949) 885-1380

Attorneys for Defendants
CALIFORNIA REPUBLIC LEADERSHIP ACADEMY, CAPISTRANO, NICK NORDSTROM, GARY DAVIS, AND HELEN SUHR

*Additional counsel listed on following page*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

S.B., a minor, by and through her legal guardian, J.B., an individual,

Plaintiffs,

vs.

CALIFORNIA REPUBLIC LEADERSHIP ACADEMY, CAPISTRANO, a public charter school; NICK NORDSTROM, in his official and individual capacity; GARY DAVIS, in his official capacity as Executive Director of California Republic Leadership Academy, Capistrano; HELEN SUHR, in her official capacity as Principal of California Republic Leadership Academy, Capistrano; and DOES 1-10, in their individual and official capacities,

Defendants.

Case No. 8:25-cv-02649-DOC-JDE

**DEFENDANTS' VERIFIED ANSWER TO COMPLAINT**

Judge: Hon. David O. Carter

Final Pretrial Conf.: September 8, 2026

Trial Date: September 22, 2026

Philip A. Scarborough (SBN 254934*)*
Philip.Scarborough@jacksonlewis.com
JACKSON LEWIS P.C.
400 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: (916) 341-0404
Facsimile: (916) 341-0141

William B. Jackson (*Pro Hac Vice)*
Billy.Jackson@jacksonlewis.com
JACKSON LEWIS P.C.
500 E. Main Street, Suite 800
Norfolk, VA 23510
Telephone: (757) 648-1445
Facsimile: (757) 648-1418

Attorneys for Defendants
CALIFORNIA REPUBLIC LEADERSHIP ACADEMY, CAPISTRANO, NICK NORDSTROM, GARY DAVIS, AND HELEN SUHR

## DEFENDANTS' VERIFIED ANSWER TO COMPLAINT

Defendants California Republic Leadership Academy, Capistrano ("CRLA"); Nick Nordstrom; Gary Davis; and Helen Suhr ("Defendants") hereby submit their Verified Answer to the Verified Complaint for Declarative and Injunctive Relief and Damages ("Complaint") (Dkt. 1) in the above-captioned matter.

Answering the unnumbered introductory paragraph, this paragraph sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendants deny the allegations in the unnumbered introductory paragraph.

## AS TO THE "INTRODUCTION"

1. Answering Paragraph 1 of the Complaint, this paragraph sets forth contentions of law to which Defendants are not required to respond. To the extent any response is required, Defendants deny the allegations of this paragraph.

2. Answering Paragraph 2 of the Complaint, this paragraph sets forth contentions of law to which Defendants are not required to respond. To the extent any response is required, Defendants deny the allegations of this paragraph.

3. Answering Paragraph 3 of the Complaint, this paragraph sets forth contentions of law to which Defendants are not required to respond. To the extent any response is required, Defendants admit that a standard, publicly available security camera was installed in a hallway more than 25 feet from the entrance to a girls' restroom. Defendants deny that the camera had "access to the girls' restroom" and deny that the camera has been used "to eavesdrop on schoolgirls inside the restroom." Except to the extent expressly admitted, Defendants deny the allegations of this paragraph.

4. Answering Paragraph 4 of the Complaint, Defendants admit that Defendant Nordstrom is male. Except as expressly admitted, Defendants deny the remaining allegations of this paragraph.

5. Answering Paragraph 5 of the Complaint, Defendants admit that S.B. went to the girls' restroom during lunch on October 27, 2025. Defendants deny that S.B. engaged in private communications with her friend. Defendants admit that S.B. later

learned that the hallway security camera recorded audio of a portion of her conversation in the restroom, which was loud enough to be recorded by the camera in the hallway outside the restroom more than 25 feet away. Except as expressly admitted, Defendants deny the allegations of this paragraph.

6. Answering Paragraph 6 of the Complaint, Defendants admit that Defendant Nordstrom sent an email to Jonathan Buma, S.B.'s father, on October 28, 2025. The content of the email speaks for itself. Except as expressly admitted, Defendants deny the allegations of this paragraph.

7. Answering Paragraph 7 of the Complaint, Defendants admit that Defendant Nordstrom requested permission to search S.B.'s backpack and that Defendant Suhr requested that S.B. turn out her pockets, based in part on information obtained from the video from the hallway security camera. Except as expressly admitted, Defendants deny the allegations of this paragraph.

8. Answering Paragraph 8 of the Complaint, this paragraph sets forth contentions of law to which Defendants are not required to respond. To the extent any response is required, Defendants deny the allegations of this paragraph.

9. Answering Paragraph 9 of the Complaint, Defendants admit that at the time of filing of the Complaint, the security camera was still in use. Except as expressly admitted, Defendants deny the allegations of this paragraph.

## **<u>AS TO THE "JURISDICTION AND VENUE"</u>**

10. Answering Paragraph 10 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations of this paragraph.

11. Answering Paragraph 11 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations of this paragraph.

12. Answering Paragraph 12 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations of this paragraph.

13. Answering Paragraph 13 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond.

**AS TO THE "PARTIES"**

14. Answering Paragraph 14 of the Complaint, Defendants lack sufficient knowledge to admit or deny the factual allegations in this paragraph and on that basis deny them. On information and belief, Defendants state that Plaintiff does not reside in Orange County, California. Defendants further state that this paragraph contains legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

15. Answering Paragraph 15 of the Complaint, Defendants admit that Defendant CRLA is a public charter school located in Orange County, California. Defendants admit that S.B. attended CRLA in October 2025, but deny that she attends CRLA now.

16. Answering Paragraph 16 of the Complaint, Defendants admit that Defendant Nordstrom is the Dean of Students at CRLA and that he resides and works in Orange County, California. The remainder of this paragraph asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

17. Answering Paragraph 17 of the Complaint, Defendants admit that Defendant Davis is the Executive Director of CRLA. Defendants deny that he resides and works in Orange County, California. The remainder of this paragraph asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

18. Answering Paragraph 18 of the Complaint, Defendants admit that Defendant Suhr is the Principal at CRLA and that she resides and works in Orange County, California. The remainder of this paragraph asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

19. Answering Paragraph 19 of the Complaint, Defendants lack sufficient knowledge or information to respond to the allegations in this Paragraph and therefore deny generally and specifically each and every allegation contained therein.

## AS TO THE "FACTUAL BACKGROUND"

20. Answering Paragraph 20 of the Complaint, Defendants admit that S.B. began attending CRLA in 2025. The remaining allegations of this paragraph are set forth statements of law to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations of this paragraph.

21. Answering Paragraph 21 of the Complaint, Defendants admit that Nordstrom sent Buma an email on October 28, 2025, the content of which speaks for itself. Defendants admit that the security footage of the hallway was stored on a cloud-based access system, but deny that "video footage of the girls' bathroom feeds directly into Nordstrom's office." The remaining allegations of this paragraph assert legal conclusions as to which no response is required. To the extent a further response is required, Defendants deny every other allegations of this paragraph.

22. Answering Paragraph 22 of the Complaint, Defendants admit that there was a security camera located in the hallway outside the girls' restroom and that it was installed more than 25 feet away from the entrance to the restroom. Defendants further admit that the camera had a view of a portion of the restroom sink area. Defendants deny that the camera is "directly outside" the restroom. Defendants deny that camera can "pick up audio throughout the bathroom." Defendants lack sufficient knowledge or information regarding S.B.'s awareness whether her conversation in the restroom could

be heard outside the restroom and on that basis denies this allegation. Except to the extent expressly admitted, Defendants deny the allegations of this paragraph.

23. Answering Paragraph 23 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent any response is required, Defendants denies the allegations of this paragraph.

24. Answering Paragraph 24 of the Complaint, Defendants admit that, on October 28, 2025, Nordstrom conducted a search of S.B.'s backpack and that Defendant Suhr asked S.B. to turn out her pockets in the presence of other school administration staff. The content of Nordstrom's email speaks for itself. Except as expressly admitted, Defendants deny the allegations of this paragraph.

25. Answering Paragraph 25 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent any response is required, Defendants deny any illegality or lack of authorization or justification to request or obtain S.B.'s consent to search her belongings and pockets.

26. Answering Paragraph 26 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent any response is required, Defendants admit that the search of S.B.'s backpack was conducted in the morning on the following calendar day but deny that it was conducted "an entire day later." Defendants lack sufficient knowledge to admit or deny allegations regarding S.B.'s conduct after she left school and on that basis deny them. Defendants deny all other remaining allegations of this paragraph.

## AS TO COUNT I

27. Answering Paragraph 27 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1–26 as though fully set forth herein.

28. Answering Paragraph 28 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations of this paragraph.

29. Answering Paragraph 29 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations of this paragraph.

30. Answering Paragraph 30 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations of this paragraph.

31. Answering Paragraph 31 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations of this paragraph.

32. Answering Paragraph 32 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent any response is required, Defendants deny the allegations of this paragraph.

33. Answering Paragraph 33 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations of this paragraph.

34. Answering Paragraph 34 of the Complaint, Defendants admit that CRLA is a public charter school.

35. Answering Paragraph 35 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations of this paragraph.

36. Answering Paragraph 36 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent any response is required, Defendants deny that any camera had "access in the girls' restroom" and further deny that it "was continuously recording video and audio of S.B. inside the restroom." Defendants deny any remaining allegations in this paragraph.

37. Answering Paragraph 37 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent any response is required, Defendants deny that Defendants maintained any hidden cameras

or microphones recording "goings-on in school restrooms." Defendants deny all additional allegations in this paragraph.

38. Answering Paragraph 38 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations of this paragraph.

39. Answering Paragraph 39 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent any response is required, Defendants deny that S.B. was "video and audio recorded while she was in the girls' restroom." Defendants deny any remaining allegations of this paragraph.

40. Answering Paragraph 40 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations of this paragraph.

41. Answering Paragraph 41 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations of this paragraph.

42. Answering Paragraph 42 of the Complaint, Defendants lack sufficient knowledge or information as to any alleged emotional damages and on that basis denies the allegations of this paragraph.

43. Answering Paragraph 43 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent any response is required, Defendants deny that Defendants have ever engaged in "video and/or audio recording students in restrooms or any other place in which students have a reasonable expectation of privacy." Defendants further deny any remaining allegations of this paragraph.

44. Answering Paragraph 44 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations of this paragraph.

45. Answering Paragraph 45 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations of this paragraph.

46. Answering Paragraph 46 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent any response is required, Defendants lack sufficient knowledge or information as to whether S.B. needed to engage the services of private counsel. Defendants deny that S.B. is entitled to any award of attorneys' fees. Defendants further deny any remaining allegations of this paragraph.

**AS TO COUNT II**

47. Count II of Plaintiff's Complaint was dismissed and Defendants therefore need not respond to the allegations contained in Paragraphs 47–59 of the Complaint. To the extent a response is required, Defendants incorporate their responses to Paragraphs 1 through 46 of the Complain as if fully set forth herein.

48. Count II of Plaintiff's Complaint was dismissed and Defendants therefore need not respond to the allegations contained in Paragraph 48 of the Complaint. To the extent a response is required, Defendants deny the allegations of this paragraph.

49. Count II of Plaintiff's Complaint was dismissed and Defendants therefore need not respond to the allegations contained in Paragraph 49 of the Complaint. To the extent a response is required, Defendants deny the allegations of this paragraph.

50. Count II of Plaintiff's Complaint was dismissed and Defendants therefore need not respond to the allegations contained in Paragraph 50 of the Complaint. To the extent a response is required, Defendants deny the allegations of this paragraph.

51. Count II of Plaintiff's Complaint was dismissed and Defendants therefore need not respond to the allegations contained in Paragraph 51 of the Complaint. To the extent a response is required, Defendants deny the allegations of this paragraph.

52. Count II of Plaintiff's Complaint was dismissed and Defendants therefore need not respond to the allegations contained in Paragraph 52 of the Complaint. To the extent a response is required, Defendants deny the allegations of this paragraph.

53. Count II of Plaintiff's Complaint was dismissed and Defendants therefore need not respond to the allegations contained in Paragraph 53 of the Complaint. To the extent a response is required, Defendants deny the allegations of this paragraph.

54. Count II of Plaintiff's Complaint was dismissed and Defendants therefore need not respond to the allegations contained in Paragraph 54 of the Complaint. To the extent a response is required, Defendants deny the allegations of this paragraph.

55. Count II of Plaintiff's Complaint was dismissed and Defendants therefore need not respond to the allegations contained in Paragraph 55 of the Complaint. To the extent a response is required, Defendants deny the allegations of this paragraph.

56. Count II of Plaintiff's Complaint was dismissed and Defendants therefore need not respond to the allegations contained in Paragraph 56 of the Complaint. To the extent a response is required, Defendants deny the allegations of this paragraph.

57. Count II of Plaintiff's Complaint was dismissed and Defendants therefore need not respond to the allegations contained in Paragraph 57 of the Complaint. To the extent a response is required, Defendants deny the allegations of this paragraph.

58. Count II of Plaintiff's Complaint was dismissed and Defendants therefore need not respond to the allegations contained in Paragraph 58 of the Complaint. To the extent a response is required, Defendants deny the allegations of this paragraph.

59. Count II of Plaintiff's Complaint was dismissed and Defendants therefore need not respond to the allegations contained in Paragraph 59 of the Complaint. To the extent a response is required, Defendants deny the allegations of this paragraph.

## AS TO COUNT III

60. Answering Paragraphs 60 of the Complaint, Defendants incorporate by reference the responses to Paragraphs 1–59 as though fully set forth herein.

61. Answering Paragraph 61 of the Complaint, Defendants deny that Defendants "installed, activated, or maintained [any] hidden camera and/or microphone outside the girls' restroom." Plaintiff admitted that she knew the camera was in the hallway outside the restroom. Defendants further deny that any camera or microphone had "the ability to see and/or hear S.B. inside." Defendants admit that the hallway security cameras could pick up some audio from the girls' restroom only if it was sufficiently loud to be heard outside the bathroom but deny that Defendants' security cameras could pick up more audio than any passerby. Except to the extent expressly admitted, Defendants deny the allegations of this paragraph.

62. Answering Paragraph 62 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent any response is required, Defendants deny the allegations of this paragraph.

63. Answering Paragraph 63 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent a response is required, Defendants deny the allegations of this paragraph.

64. Answering Paragraph 64 of the Complaint, Defendants deny that "S.B. suffered emotional damages as a result of Defendants' conduct."

## **AS TO COUNT IV**

65. Answering Paragraphs 65 of the Complaint, Defendants incorporate by reference the responses set forth above in Paragraphs 1–64 as though fully set forth herein.

66. Answering Paragraph 66 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent any response is required, Defendants deny that any "unauthorized surveillance" occurred and further deny all remaining allegations of this paragraph.

67. Answering Paragraph 67 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent any response is required, Defendants deny that it breached any duty. Defendants deny that it

"installed, activated, or maintained [any] hidden camera and/or microphone outside the girls' restroom." Defendants deny that the hallway security camera located more than 25 feet from the entrance to the girls' restroom had "the ability to see" S.B. inside the restroom," except for an incidental view of a portion of the sink area. Defendants further deny that the hallway security camera located more than 25 feet from the entrance to the girls' restroom had "the ability to . . . hear S.B. inside" the restroom, except to the extent that S.B.'s conversation was loud enough to be heard outside the restroom. Except to the extent expressly admitted, Defendants deny the allegations of this paragraph.

68. Answering Paragraph 68 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent any response is required, Defendants deny that it "failed to properly supervise [or] train staff" and further deny any remaining allegations of this paragraph.

69. Answering Paragraph 69 of the Complaint, Defendants lack sufficient knowledge or information as to whether S.B. had "emotional harm, fear, [or] humiliation" and on that basis deny the allegations of this paragraph. Defendants deny that the hallway security camera located more than 25 feet from the entrance to the restroom secretly recorded any private conversation.

70. Answering Paragraph 70 of the Complaint, Defendants lack sufficient knowledge or information as to whether "S.B. has suffered actual harm [or] emotional damages." Defendants deny that CRLA was negligent. To the extent any further response is required, Defendants deny the allegations of this paragraph.

71. Answering Paragraph 71 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent any response is required, Defendants deny that any employees caused any injury or that CRLA is liable for any injuries.

**AS TO COUNT V**

72. Answering Paragraph 72 of the Complaint, Defendants incorporate by reference their responses to set forth above in Paragraphs 1–71 as though fully set forth herein.

73. Answering Paragraph 73 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent any response is required, Defendants deny that "S.B. engaged in communication in [*sic*] which she reasonable expected to be confined to the parties engaging in the communication and not be overheard or recorded by third parties, i.e., Defendants, in the girls' restroom."

74. Answering Paragraph 74 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent any response is required, Defendants deny the allegations of this paragraph.

75. Answering Paragraph 75 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent any response is required, Defendants deny the allegations of this paragraph.

76. Answering Paragraph 76 of the Complaint, this paragraph sets forth statements of law to which Defendants are not required to respond. To the extent any response is required, Defendants deny that Plaintiff is entitled to any damages or injunctive relief and further deny any remaining allegations of this paragraph.

**AS TO THE "PRAYER FOR RELIEF"**

The "Prayer for Relief" does not require a response from Defendants because it does not contain factual allegations to admit or deny. To the extent a response is required, Defendants deny the allegations contained in Paragraphs 1–76. Defendants further deny that Plaintiff is entitled to any of the relief sought in the Complaint.

**DENIAL OF REMAINING ALLEGATIONS**

All other allegations not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

By way of affirmative defenses to the allegations in the Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

1. Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Standing, Mootness, and Lack of Jurisdiction)**

2. Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that Plaintiff lacks standing, one or more of her claims have become moot, and/or the Court lacks subject matter jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

3. Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

**(Reasonable School Search)**

4. Plaintiff's Fourth Amendment claim is barred, in whole or in part, because any search or review of available security information was reasonable under all the circumstances, including the reported absence from lunch supervision, the observation that S.B. and another student entered the restroom, the audible coughing/gagging and reference to inhaling something, and the limited follow-up search of S.B.'s backpack and pockets for potential safety concerns.

**FIFTH AFFIRMATIVE DEFENSE**

**(No *Monell* or Official-Capacity Liability)**

5. Defendants Davis, Suhr, and Nordstrom are entitled to judgment on all claims raised against them in their official capacity because non-party actors, rather than Defendants Davis, Suhr, and Nordstrom, have ultimate authority over all relevant policies and customs. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).

**SIXTH AFFIRMATIVE DEFENSE**

**(No Respondeat Superior or Group Liability Under Section 1983)**

6. Plaintiff is barred from recovery against Defendants because 42 U.S.C. Section 1983 does not allow for respondeat superior liability. Mere presence at a search or membership in a group is insufficient without personal involvement and causal connection. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's claims are further barred or limited because Plaintiff cannot establish that each Defendant personally participated in, directed, authorized, activated, operated, maintained, or proximately caused the alleged recording, search, intrusion, negligence, or statutory violation.

**SEVENTH AFFIRMATIVE DEFENSE**

**(State-Action or Entity-Status)**

7. Plaintiff's claims under 42 U.S.C. § 1983 are barred, in whole or in part, because Plaintiff has not adequately alleged and cannot establish that each Defendant acted under color of state law with respect to each challenged act or omission. Plaintiff's conclusory allegation that California Republic Leadership Academy, Capistrano is a public charter school does not, by itself, establish that CRLA, any charter-school operator, or any individual Defendant was a state actor or acted under color of law for all purposes or that the specific conduct challenged in the Complaint is fairly attributable to the State.

## EIGHTH AFFIRMATIVE DEFENSE

**(Government Claims Act)**

8. To the extent any Defendant is deemed a public entity, public employee, or otherwise entitled to statutory immunities or limitations applicable to public entities or employees, Plaintiff's state-law claims and remedies are barred or limited by the Government Claims Act, including but not limited to any applicable claim-presentation, statutory-liability, discretionary-immunity, vicarious-liability, and damages limitations.

## NINTH AFFIRMATIVE DEFENSE

**(No Objectively Reasonable Expectation of Privacy)**

9. Plaintiff's claims are barred or limited because Plaintiff lacked an objectively reasonable expectation of privacy in the specific visual or auditory information allegedly obtained from outside the restroom, including any sounds audible to persons in the hallway and any portion of the sink area allegedly visible from outside the restroom, or in the resulting security camera video or audio footage obtained by a security camera that is widely available.

## TENTH AFFIRMATIVE DEFENSE

**(No Intentional Recording of Confidential Communication)**

10. Plaintiff's claims under Penal Code section 632, Civil Code section 637.2, and any derivative negligence-per-se theory are barred, in whole or in part, because Defendants did not intentionally eavesdrop upon or record any confidential communication. Any incidental capture of sound by a hallway security camera, without the purpose or substantial certainty of recording a confidential communication, does not establish intentional eavesdropping or recording under Penal Code section 632.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Consent, Notice, and Known Recording)**

11. To the extent Plaintiff or her parent or guardian consented to, received actual notice of, or knew of applicable campus security monitoring, Plaintiff's claims are barred or limited; and to the extent the circumstances reasonably indicated that the

communication could be overheard or recorded, any alleged communication was not confidential under Penal Code section 632.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Legitimate School-Safety and Countervailing Interests)**

12. Plaintiff's claims are barred, in whole or in part, because Defendants' challenged conduct was justified by legitimate school-safety, student-welfare, supervision, discipline, and campus-security interests, and/or was authorized under California Penal Code § 633.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Publication or Disclosure)**

13. Plaintiff's alleged damages are barred or limited because Defendants did not publish, disseminate, broadcast, or disclose any alleged recording or private information beyond personnel with a legitimate school-related need to know.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Negligence Per Se Is Duplicative of Plaintiff's CIPA Claim)**

14. Plaintiff's negligence-per-se claim is barred, in whole or in part, because it is duplicative of, subsumed by, or improperly derivative of Plaintiff's statutory CIPA theory under Penal Code section 632 and Civil Code section 637.2. Negligence per se is an evidentiary doctrine, not a standalone tort, and Plaintiff must establish a viable underlying negligence theory, including duty, breach, causation, damages, and the statutory predicates for any Evidence Code section 669 presumption.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Duty or Breach)**

15. Plaintiff's negligence claim is barred or limited because Defendants did not owe the particular duty alleged, did not breach any applicable duty, and acted reasonably under the circumstances.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

16. Plaintiff's claims and damages are barred or reduced under California's comparative-fault principles to the extent Plaintiff, Plaintiff's parent or guardian, another student, or any third party caused, contributed to, failed to prevent, or failed to mitigate the alleged harm.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Proximate Cause or Speculative Damages)**

17. Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot establish that any act or omission by any Defendant was the actual, legal, or proximate cause of any compensable injury.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Unavailable Against Defendants)**

18. Punitive damages are unavailable against CRLA and any official-capacity or public-entity Defendant to the extent such damages are barred by federal or California law; punitive damages against any individual Defendant are barred absent clear and convincing proof of malice, oppression, fraud, reckless disregard, or other legally sufficient culpability

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Unconstitutional)**

19. Although Defendants deny that they have committed or have responsibility for any act that could support the recovery of punitive damages in this lawsuit, to the extent any such act is found, recovery of punitive damages against Defendants is unconstitutional, including the Excessive Fines Clause of the Eighth Amendment and the Due Process clauses of the Fifth Amendment.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Statutory Damages Under Section 637.2 Limited to Actual Proven Violations)**

20. Plaintiff's claim for statutory damages under Civil Code section 637.2 is barred or limited because any statutory damages must be tied to actual, proven, actionable violations committed by a proper defendant. Plaintiff must prove each actionable section 632 violation, each confidential communication, and each proper defendant's responsibility for that violation before statutory damages may be awarded.

**ADDITIONAL AFFIRMATIVE DEFENSES**

**(Reservation of Rights)**

Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional affirmative defenses available. Defendants reserve the right to assert additional defenses in the event that discovery or other information obtained after the filing of this answer indicates that such defenses apply.

**PRAYER**

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by the Complaint;
2. That judgment be entered in favor of Defendants and against Plaintiff;
3. That Defendants be awarded their cost of suit herein;
4. That Defendants be awarded reasonable attorneys' fees to the extent allowed by law; and
5. For such other and further relief as the Court deems just and proper.

DATED: September 11, 2026

JACKSON LEWIS P.C.

By: ______________________

Leila Nourani
Philip A. Scarborough
William B. Jackson
Philip M. Duclos
Attorneys for Defendants CALIFORNIA REPUBLIC LEADERSHIP ACADEMY, CAPISTRANO, NICK NORDSTROM, GARY DAVIS, AND HELEN SUHR

## VERIFICATION

I, Nick Nordstrom, am Dean of Students of California Republic Leadership Academy, Capistrano, and I am authorized to make this verification on its behalf. I have read the foregoing Answer and know its contents. I am informed and believe, and on those grounds verify, that the matters stated therein are true.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing factual statements are true and correct.

Executed this 11th day of September 2026, at San Clemente, California.

*Nicholas Nordstrom*
Nick Nordstrom